IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DESHAWN HANDY,

   Plaintiff,

   v.

   D.P.S.C.S., MD,

   Defendant

Civil Action No.: ABA-25-465

**MEMORANDUM OPINION**

Plaintiff DeShawn Handy, who is incarcerated at Dorsey Run Correctional Facility ("DRCF"), filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging that on October 11, 2024, he was assaulted by another inmate. ECF No. 1. He named as the sole Defendant, "D.O.C. (Department of Corrections)." *Id.* at 1. On March 4, 2025, the Court advised Handy that his Complaint was subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. ECF No. 4. He was provided an opportunity to file an amended complaint to correct the deficiencies noted. *Id.* at 4. Specifically, Handy was advised that his complaint was deficient because he "failed to name proper defendants or explain how any staff where he was incarcerated at the time of the events complained of are responsible for the conduct alleged." *Id.* at 1. He was directed to amend his complaint to provide "factual allegations against individual staff and explaining how their specific actions or failures to act resulted in the violation of his rights." *Id.* at 3.

The Court is in receipt of Handy's Amended Complaint. ECF No. 5. The Amended Complaint fails to cure the deficiencies noted. Specifically, Handy names as the sole Defendant "D.P.S.C.S. MD." ECF No. 5 at 1. In support of his claim he states: "I don't know who did it,

cause they ran after they throwed the hot liquid in my face, it was late at night and the lights was out cause this happen to me I can't sleep ever little noise I wake up" (sic). *Id.* at 4.

Because Handy is a prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint before it may proceed, and the Court must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (b)(1) (2012).  A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). To the extent Handy intended to claim that staff failed to protect him from harm, he has failed to identify a proper Defendant or provide sufficient facts in support of his claim.

Handy's claim cannot proceed against "D.P.S.C.S., MD" because under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.*, citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. As such, Handy's complaint cannot proceed as to the sole named Defendant.

Additionally, even if Handy had named a party not immune from suit, his complaint would be subject to dismissal. In order to prevail on an Eighth Amendment claim of failure to protect from violence, a plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997). Handy has made no such accusation. Rather, his Complaint appears to assert that he was attacked spontaneously by another inmate. While such an attack is unfortunate, without more, the Complaint cannot proceed.

Handy is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court

may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim . A separate order follows.

| | |
|---|---|
| April 10, 2025 | /s/ |
| Date | Adam B. Abelson<br>United States District Judge |